Electronically Filed - Jackson - Kansas City - April 07, 2022 - 01:26 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| **JAMES PORTER** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | Div.: |
| v. | ) | |
| | ) | |
| **GRAINGER INTERNATIONAL INC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Serve: registered agent** | ) | |
| CSC – Lawyers Incorporating Service Co. | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

Plaintiff, James Porter, by counsel, files his Petition for Damages against Defendant:

1.      Plaintiff James Porter is an individual resident of the State of Missouri.

2.      Defendant Grainger International Inc. ("Defendant" and/or "Grainger") is a foreign, for-profit corporation authorized to and doing business in Kansas City, Missouri, Jackson County.  Grainger's local home office is the Kansas City Branch (#408) located at 2300 E. 18th St. Kansas City, Missouri 64127 where Plaintiff worked.  Defendant is doing business within this judicial district and can be found in Jackson County, Missouri.

## JURISDICTION AND VENUE

3.      All alleged acts of discrimination / retaliation / wrongful termination and other wrongdoing occurred in Jackson County, Kansas City, Missouri, making this Court the appropriate forum.

4.      Likewise, this case arises under the Missouri Human Rights Act, §213.010, et seq., making jurisdiction appropriate in this Court.

## FACTUAL BACKGROUND

5.      Defendant Grainger, at all times relevant, is an "employer," and Plaintiff Porter was an "employee" of Defendant Grainger's, within the meaning of R.S.Mo. §213.010.

6.      Plaintiff Porter has exhausted all available administrative remedies.  On August 25, 2020, Porter filed his Charge of Discrimination with the Missouri Commission on Human Rights (MCHR), charge no. E-08/20-52363 (and 28E-2020-01033C), attached hereto as Exhibit A.

7.      More than 180 days has passed since Mr. Porter filed his administrative complaint, and counsel has requested the right to sue in writing.  The commission no longer has authority to investigate.  See *Najib v MCHR* (WD84344, et al).  On April 5, 2022, the MCHR issued a Notice of Right to Sue, attached as Exhibit B.  This Petition is filed within 90 days of the Notice of Right to Sue.

8.      This action has been timely commenced by the filing of this petition, and Plaintiff has duly met all administrative requirements of the MHRA.

9.      Plaintiff Porter is over the age of 40 and is disabled or perceived as disabled given his autism diagnosis (ASD).

10.      Plaintiff Porter was employed by Defendant Grainger for approximately 24 years as a sales representative and/or account manager. Plaintiff was one of the longest standing and employed account managers in the area.

11.      Plaintiff worked at Defendant's office in Kansas City, MO Jackson County at the time of his termination.

12.      Plaintiff was regularly utilized by coworkers to help navigate Grainger's internal computer system.

13. Coworkers regularly sought and requested plaintiff's help in executing orders.

14. Since 2018 plaintiff and Yonne Mayer partnered to provide service to Grainger's customers.

15. Yonne Mayer, and others, regularly sought plaintiff's help to execute orders and navigate Grainger's system.

16. Plaintiff's coworkers relied on his expertise.

17. Branch managers regularly logged plaintiff onto Grainger's system so he could execute orders.

18. Supervisors were aware plaintiff utilized coworker's credentials to help execute orders.

19. Supervisors were aware plaintiff helped coworkers execute orders, among other tasks.

20. Plaintiff helped execute or release orders of coworkers and others at Grainger.

21. Plaintiff sent monthly reports to supervisors and team members showing orders he helped execute and/or release, including utilizing credential of others.

22. Plaintiff is diagnosed with autism – a serious medical condition that substantially limits his life activities without reasonable accommodations.

23. For years, plaintiff's condition was not an issue with Grainger.

24. On or about January 20, 2020, plaintiff requested disability accommodations for an upcoming work trip because of his *autism* diagnosis (ASD) and sensory processing disorder, which was ultimately approved.

25. Thereafter, plaintiff was treated differently because of, in part, his medical condition.

3

26.    In early 2020 the pandemic hit (COVID 19), and PPE (personal protective equipment) skyrocketed in demand and supply was hard to obtain.

27.    The government (and various agencies) issued mandates and guidelines for prioritization of PPE.

28.    Grainger prioritized PPE and issued priority directives and mandates: first responders, government, hospital or health, food processing and compelling cases.

29.    Pandemic related PPE had to be approved by higher ups at Grainger before it could be fulfilled and shipped.

30.    Priority of PPE was a major topic of discussion and concern at Grainger.

31.    Prioritization of PPE was of high concern in the United States as the pandemic unfolded in 2020.

32.    PPE equipment was challenging to obtain, and demand was high.

33.    Grainger published an official Pandemic Playbook on or about April 8, 2020 and set directives and mandates for its employees.

34.    Grainger employees sought plaintiff's help executing orders related to PPE and locating PPE for customers.

35.    Yonne Mayer, and others, expressly sought plaintiff's help in locating PPE for customers and executing orders.

36.    In April 2020 Yonne Mayer publicly thanked plaintiff on the Grainger system.

37.    Plaintiff discovered Grainger orders that violated PPE laws, regulations, directives and/or mandates and reported and discussed such with Grainger personnel and/or the appropriate authorities.

38.   Plaintiff discovered Grainger orders that directed PPE to foreign companies, subsidiaries, and companies based in China and the United Arab Emirates, among others.

39.   Based on Grainger's policy, the PPE equipment, in violation of regulations, laws, directives and mandates, was approved by higher ups at Grainger.

40.   Plaintiff was offended Grainger was directing PPE to foreign operations while Americans and American companies, and his customers, could not obtain such.

41.   The orders, and information, discovered, reported, and discussed by Plaintiff and Defendant violated governmental mandates, Defendant's own policies, presidential orders and directives, FEMA regulations and rules, and the Defense Production Act (50 USC 4501), among other laws, regulations, directives, and mandates, including The Defense Production Act of 1950, as amended ("DPA" or "the Act"), and specifically sections 101 and 704 of the Act, 50 U.S.C. 4511, 4554; Executive Order 13909, 85 FR 16227 (Mar. 23, 2020); Executive Order 13910, 85 FR 17001 (Mar. 26, 2020); Executive Order 13911, 85 FR 18403 (Apr. 1, 2020); DHS Delegation Number 09052 Rev. 00.1, "Delegation of Defense Production Act Authority to the Administrator of the Federal Emergency Management Agency" (Apr. 1, 2020); and The Presidential Memorandum on Allocating Certain Scarce or Threatened Health and Medical Resources to Domestic Use (April 3, 2020).

42.   Other Grainger employees became aware and/or discovered the orders in violation of PPE directives, regulations, laws, policies, and mandates as cited above.

43.   Grainger and its employees/supervisors became aware plaintiff discovered the suspicious orders.

44.   Grainger's system tracks a user's activity and the accounts visited by the user.

45. Plaintiff openly discussed and reported what he discovered with others at Grainger.

46. Grainger immediately contacted plaintiff to discuss why he was in the system executing orders.

47. Defendant did not warn plaintiff that he could not utilize credentials to help coworkers execute orders in the days, weeks or months leading up to his termination.

48. Likewise, Defendant did not place plaintiff on a performance improvement plan.

49. Plaintiff was abruptly terminated from his employment on or about April 16, 2020.

50. Plaintiff requested a service letter, pursuant to Missouri statute, requesting the reasons for termination.

51. On June 25, 2020, Defendant responded to the service letter request and stated plaintiff was terminated for violating the company's Privacy Policy for Protecting Personal Information when he used another Team Member's personal Grainger credentials to gain system access without the other Team Member's knowledge or authorization.

## COUNT I – DISABILITY DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MHRA

Plaintiff hereby incorporates all preceding paragraphs.

52. Plaintiff suffered from a disability within the meaning of the MHRA *(MO Rev. Stat. Sec. 213.010 et seq.)*, which did not affect his ability to perform his job with reasonable accommodations, or with reasonable accommodation would not have affected his ability to perform the job.

53. In addition, Defendant, and its employees, regarded Plaintiff as being disabled and/or he had a record of having a disability that became public.

6

54. Defendant, and its employees, treated plaintiff differently because of his medical condition.

55. Plaintiff's disability and condition, or the fact that Defendant, and its employees, regarded Plaintiff as having a disability, was a motivating factor in Defendant's adverse actions and termination of employment.

56. Plaintiff is entitled to recover all actual damages proved to a jury for all harms and losses he suffered in the form of lost compensation and benefits, and for all non-economic damages such as career disruption, pain and suffering, mental anguish, and emotional distress.

57. Further, the actions of Defendant in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff prays for judgment against Defendant and seeks an award of actual and punitive damages; for all economic and noneconomic damages allowed, for costs and expenses expended; for reasonable attorney fees, all in excess of jurisdictional minimums, and for other and further relief the Court deems just and proper.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE MHRA

Plaintiff hereby incorporates all preceding paragraphs.

58. Plaintiff is over the age of 40, and within the protected class, within the meaning of the MHRA.

59. Defendant subjected plaintiff to unfair treatment and discrimination based on his age in violation of the MHRA.

60.     Plaintiff's age was a motivating factor in Defendant's actions, including terminating his employment.

61.     Plaintiff is entitled to recover all actual damages proved to a jury for all harms and losses she suffered in the form of lost compensation and benefits, and for all non-economic damages such as career disruption, pain and suffering, mental anguish, and emotional distress.

62.     Further, the actions of Defendant in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff prays for judgment against Defendant and seeks an award of actual and punitive damages; for all economic and noneconomic damages allowed, for costs and expenses expended; for reasonable attorney fees, all in excess of jurisdictional minimums, and for other and further relief the Court deems just and proper.

## COUNT III – RETALIATION IN VIOLATION OF THE MHRA

Plaintiff hereby incorporates all preceding paragraphs.

63.     The retaliatory acts and conduct described above are in violation R.S.Mo. §213.010 et seq, and in particular, R.S.Mo. §213.070.

64.     As a direct and proximate result of the retaliation against Plaintiff in violation of the aforementioned laws, plaintiff has suffered harm and a loss of income.  He has also suffered compensatory damages in the form of embarrassment, humiliation, anxiety and depression. Plaintiff's damages are in excess of jurisdictional minimums.

65.     Further, the actions of Defendant in retaliating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful

8

Electronically Filed - Jackson - Kansas City - April 07, 2022 - 01:26 PM

indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury. Altogether, Plaintiff's damages are in excess of jurisdictional minimums.

WHEREFORE, Plaintiff prays for judgment against Defendant and seeks an award of actual and punitive damages; for all economic and noneconomic damages allowed, for costs and expenses expended; for reasonable attorney fees, all in excess of jurisdictional minimums, and for other and further relief the Court deems just and proper.

## COUT IV – WHISTLEBLOWER WRONGFUL TERMINATION

Plaintiff hereby incorporates all preceding paragraphs.

66. Plaintiff is a protected person, as described by Missouri's whistleblower protection laws, and discovered, reported, complained about and discussed violations of law, regulation, public policy, mandate, and/or directives with his supervisors and/or appropriate authorities and others with Defendant.

67. Defendant received and was made aware of the violations of law, regulation, public policy, mandate, and/or directives as discovered and reported by plaintiff.

68. Defendant terminated plaintiff because of his reporting, whistleblowing and/or protected status and it was a motivating factor in Defendant's conduct, actions, and/or decisions to terminate plaintiff.

69. The conduct and actions of Defendant violated Missouri's Whistleblower Protection Act and/or common law.

70. The conduct of Defendant was outrageous because of the Defendant's evil motive or reckless indifference to the rights of others/plaintiff.

9

71.     As a result, plaintiff suffered harm, emotional distress, reputational damages, and loss of income.

WHEREFORE, Plaintiff prays for judgment against Defendant for his wrongful termination and seeks an award of actual and punitive damages pursuant to Missouri law; all economic and noneconomic damages allowed by law, for costs and expenses expended; and for reasonable attorney fees, all in excess of jurisdictional minimums, and for other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues.

Respectfully Submitted,

THE POPHAM LAW FIRM, P.C.

/s/ Mark Schloegel
MARK SCHLOEGEL  MO#58870
712 Broadway, Suite 100
Kansas City, Missouri 64105
Phone (816)512-2626
Fax (816)221-3999
mark@pophamlaw.com

**ATTORNEY FOR PLAINTIFF**

10



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
COMMISSION ON HUMAN RIGHTS
## CHARGE OF DISCRIMINATION

Enter Charge Number
- [ ] FEPA E-08/20-52363
- [ ] EEOC 28E-2020-04033C

*This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.*

| Missouri Commission on Human Rights and EEOC | | |
|---|---|---|
| Name (Indicate Mr., Ms., or Mrs.)<br>James Porter | Date of Birth<br>7/14/73 | Home Telephone No. (Include Area Code)<br>816-560-3297 |
| Street Address<br>501 S. Woodland Drive | City, State and Zip Code<br>Kansas City, Missouri | County<br>Jackson |

### Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me (if more than one list below).

| Name<br>Grainger       FILED | No. of Employees/Members<br>500+ | Telephone No. (Include Area Code) |
|---|---|---|
| Street Address<br>2300 E. 18th Street       AUG 25 2020 | City, State and Zip Code<br>Kansas City, MO 64127 | |
| Name<br>MO Commission on Human Rights | No. of Employees/Members | Telephone No. (Include Area Code) |
| Street Address       Jefferson City Office | City, State and Zip Code | |

Cause of Discrimination based on (Check appropriate box(es))

- [ ] Race
- [ ] Color
- [ ] Sex
- [ ] National Origin
- [ ] Religion
- [x] Age
- [x] Disability
- [ ] Retaliation
- [ ] Other (Specify) Hostile Work Environment

Date Discrimination took Place (Month, Day, Year)
April, 2020
- [x] Continuing Action

The Particulars Are (If additional space is needed, attach extra sheet(s)):

In 1996 I started my career with Grainger. In 2020 I was employed as a Sales Agent. I worked out of the Kansas City Grainger office, branch #408. I was abruptly terminated in April, 2020 due to my age, disability and because I uncovered and reported violations of law and/or regulations.

In January, 2020, I requested and received disability accomodations related to autism for a work-related hotel stay. Thereafter I was treated differently. In Spring of 2020, I discovered Grainger was misappropriating N95 masks and other PPE as the pandemic unfolded. I discovered that Grainger was allotting and selling PPE to foreign based companies and/or governments, including to Huawei (a Chinese company). This violated Grainger's PPE playbook, policy, regulations, and mandates.

As part of my job, and because of my experience I regularly logged into our company system to execute back orders on behalf of other employees. In April, 2020, at or near the time I discovered Grainger's wrongdoings, I was fired for allegedly using a co-worker's credentials to log into the company system claiming it was a violation of the privacy policy. I had been given direct and specific authorization to do this. I did this regularly and with the approval and authority of my supervisors.

My termination was unexpected and does not make sense. I was a good employee for many years and was given no warning that my actions were a policy violation as they had never been in the past. I was given no opportunity to explain nor provided any type of performance improvement plan.

| | NOTARY – (When necessary to meet State and Local Requirements) |
|---|---|
| [x] I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | *Cindy Wagner*    *Cindy Wagner*<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>x *James Porter*  8-20-20<br>Charging Party (Signature)      Date | x *James Porter*<br>Signature of Complainant<br>8-20-20<br>Subscribed and sworn to before me this DATE (Day, month, and year)<br><br>CINDY WAGNER<br>My Commission Expires<br>March 5, 2024<br>Clay County<br>Commission #12473709 |

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **DEREK M. HOLLAND**<br>COMMISSION CHAIR | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |
|---|---|---|---|

James Porter
501 S. Woodland Drive
Kansas City, MO 64118
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:   James Porter vs. GRAINGER
       E-08/20-52363  28E-2020-01033

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

### NO RIGHT TO SUE AS TO ALL ALLEGATIONS OF RETALIATION FOR UNCOVERING AND REPORTING VIOLATIONS OF GOVERNMENTAL PPE MANDATES BECAUSE OF LACK OF JURISDICTION

The Missouri Commission on Human Rights (MCHR) has determined that it lacks jurisdiction over all of your allegations of Retaliation for uncovering and reporting violations of governmental PPE mandates because these activities are not protected from Retaliation by the Missouri Human Rights Act. Therefore, MCHR is administratively closing this case with regard to these allegations as well and terminating all MCHR proceedings relating to these allegations.  If you are aggrieved by this decision, then you can appeal by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.                                             April 5, 2022
Executive Director

(additional contacts listed on next page)

☒                          ☐                          ☐                          ☐

| JEFFERSON CITY OFFICE<br>421 E. DUNKLIN STREET<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | ST. LOUIS OFFICE<br>111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | KANSAS CITY OFFICE<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>FAX: 816-889-3582 | SIKESTON OFFICE<br>106 ARTHUR STREET, SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |
|---|---|---|---|

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
Web: http://labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

EX. B

RE:   James Porter vs. GRAINGER
E-08/20-52363  28E-2020-01033

GRAINGER
2300 E. 18th Street
Kansas City, MO 64127
*Via Respondent Contact Email*

Henry F Galatz
W.W. GRAINGER, INC.
100 Grainger Parkway
Lake Forest, IL 60045
galatz.H@grainger.com

Mark Schloegel
The Popham Law Firm, PC
712 Broadway, Suite 100
Kansas City, MO 64105
mark@pophamlaw.com

Electronically Filed - Jackson - Kansas City - April 07, 2022 - 01:26 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| **JAMES PORTER** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | Div.: |
| v. | ) | |
| | ) | |
| **GRAINGER INTERNATIONAL INC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Serve: registered agent** | ) | |
| CSC – Lawyers Incorporating Service Co. | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) ss: |
| COUNTY OF JACKSON | ) |

Mark Schloegel, of lawful age, being first duly sworn upon his oath, states as follows:

1. That he is presently employed as an attorney with The Popham Law Firm, 712 Broadway, Suite 100, Kansas City, MO 64105.

2. That the following defendant will be served **Plaintiff's Petition for Damages;** by Certified Mail Return Receipt Requested by the Clerk of the Court, Jackson County, Missouri:

   **GRAINGER INTERNATIONAL INC.**

*Serve:*     Registered Agent:
     Lawyers Incorporating Service Company
     221 Bolivar Street
     Jefferson City, MO 65101

FURTHER AFFIANT SAITH NOT.

Mark P. Schloegel

Subscribed and sworn to before me this 7th day of April, 2022.

Notary Public

My Commission Expires:

CINDY WAGNER
My Commission Expires
March 5, 2024
Clay County
Commission #12473798

NOTARY
SEAL

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

JAMES PORTER,

                **PLAINTIFF(S),**             **CASE NO.** 2216-CV08287

**VS.**                                            **DIVISION 14**

GRAINGER INTERNATIONAL , INC.,

                **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable JOHN M. TORRENCE on 27-JUL-2022 in DIVISION 14 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JOHN M. TORRENCE**
JOHN M. TORRENCE**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MARK PAUL SCHLOEGEL, 712 BROADWAY  STE 100, KANSAS CITY, MO 64105

Defendant(s):
 GRAINGER INTERNATIONAL , INC.

Dated:  20-APR-2022                                        MARY A. MARQUEZ
                                                                        Court Administrator



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: JOHN M. TORRENCE | **Case Number: 2216-CV08287** |
| Petitioner(s): JAMES PORTER<br><br>vs. | |
| | (Date File Stamp) |
| Respondent(s): GRAINGER INTERNATIONAL , INC. | |

## Certificate of Mailing/Delivery/Delivery of Notice of Appeal/Registered/Certified Return Receipt

☒ The undersigned certified that copy of SUMMONS/PETITION
was mailed on this day by U.S. ☐ regular ☒ certified ☐ registered mail, postage prepaid, to the following
person(s) at the stated address(es):

GRAINGER INTERNATIONAL , INC.
RA:CSC-LAWYERS INCORP SERV CO 221 BOLIVAR ST.
JEFFERSON CITY, MO 65101

☐ The undersigned certifies that a:
　☐ Copy of Rule 24.035 Motion was delivered to Court Reporter-Division _____
　☐ Copy of Rule 24.035 or Rule 29.15 Motion to vacate, Set Aside, or Correct Judgment or Sentence
　☐ Copy of Application for hardship driving Privileges, SR22 Form and Five year Driving Record.
　☐ Copy of Application for Hearing under Section 577.041 RSMo on Refusal to Submit to Chemical Test
　☐ Copy for Petition for Review
　☐ _____
　Filed in the above cause was delivered on this day to the Prosecuting Attorney's Office.

☐ I certify that I personally delivered a copy of the Notice of Appeal filed in the above entitled cause to:
　☐ Missouri Court of Appeals　　　　　　☐ Prosecuting Attorney's Office
　Western District　　　　　　　　　　　　415 East 12th Street, 7M
　Kansas City, Missouri 64106　　　　　　Kansas City, Missouri 64106

☐ The undersigned certifies that _____
was hand delivered to the Missouri Court of Appeals, Western district, on this date.

☐ Attach return receipt with Registered/certified number.

**COURT SEAL OF**

**JACKSON COUNTY**

April 20, 2022 　　　　　_Jennifer Brookshire_

_____　　　　　_____
Date　　　　　　　　　　　　　　　　　Clerk

I hereby acknowledge receiving the aforesaid copy of the Notice of Appeal filed in said cause.

_____　　　By _____
Date　　　　　　　　　　　　　　　　　☐ Prosecutor's Office
　　　　　　　　　　　　　　　　　　　☐ Missouri Court of Appeals

_For Court Use Only_: Document ID# 22-CMDN-494

16th CIRCT 1 (10-98)



# IN THE **16TH JUDICIAL CIRCUIT** COURT, **JACKSON COUNTY**, MISSOURI

| Judge or Division:<br>JOHN M. TORRENCE | Case Number: **2216-CV08287** |
|---|---|
| Plaintiff/Petitioner:<br>JAMES PORTER<br><br>**vs.** | Plaintiff's/Petitioner's Attorney/Address<br>MARK PAUL SCHLOEGEL<br>712 BROADWAY STE 100<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>GRAINGER INTERNATIONAL , INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  GRAINGER INTERNATIONAL , INC.
**Alias:**
RA:CSC-LAWYERS INCORP SERV CO
221 BOLIVAR ST.
JEFFERSON CITY, MO 65101



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

20-APR-2022
_____    _____
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server                            Signature of Sheriff or Server

*(Seal)*        **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____              _____
                                                  Date                                              Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only*: Document 1-1 SMCC-3022 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 94.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:22-cv-00338-BP   Document 1-1   Filed 05/23/22   Page 19 of 22

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

JACKSON COUNTY CIRCUIT COURT
CIVIL RECORDS 3RD FL
415 E 12TH ST
KANSAS CITY, MO  64106-2706



**9214 8901 0661 5400 0175 0833 85**

**RETURN RECEIPT (ELECTRONIC)**

**2216-CV08287**

RA: CSC-LAWYER'S INCORPORATING  SERVICE CO
GRAINGER INTERNATIONAL INC
221 BOLIVAR ST
**JEFFERSON CITY, MO  65101-1572**

**RETURN SERVICE
REQUESTED**

---

CUT / FOLD HERE                                                                                        Zone 2

---

6"X9" ENVELOPE
CUT / FOLD HERE

---

CUT / FOLD HERE

IMpbCertified8x5Label v2016.09.29.91

 **UNITED STATES POSTAL SERVICE**



**FILED**

**CIVIL RECORDS**

**29-APR-2022 - 00:20**

CIRCUIT COURT OF JACKSON COUNTY, MO

BY _____

April 27, 2022

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0175 0833 85**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | April 27, 2022, 10:07 am |
| **Location:** | JEFFERSON CITY, MO 65101 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | RA  CSC LAWYER S INCORPORATING  SERVICE CO |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | *Dim Yen PL C19 002* |
| Address of Recipient: | *221 Bolivar St* |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000175083385
2216-CV08287
RA: CSC-LAWYER'S INCORPORATING  SERVICE CO
GRAINGER INTERNATIONAL INC
221 Bolivar St
Jefferson City, MO  65101-1572